IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MAY 2 2 2012

| | | |
|---|---|---|
| Harold Lee, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11cv727 (TSE/TCB) |
| | ) | |
| Ms. Nicholas, et al., | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION

Harold Lee, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges the defendants violated his rights under the First and Fourteenth Amendments as well as the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000-cc et seq., because they denied him access to a common fare diet, a central tenant of plaintiff's religion.[1] Defendants filed a joint Motion for Summary Judgment along with a supporting memorandum and affidavit on November 22, 2011, arguing summary judgment should be entered in their favor because the plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA") prior to filing this federal lawsuit. Defendants provided plaintiff with notice and opportunity to file responsive materials, as required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and plaintiff has filed a response. Accordingly, this matter is now ripe for disposition. For the reasons which follow, defendants' Motion for Summary Judgment must be denied without prejudice to their ability to file a renewed motion for summary judgment addressing the merits of plaintiff's claims.

---

[1] On February 9, 2012, plaintiff requested leave to amend his complaint to include a claim of retaliation against defendant G. Payne. Plaintiff's request was granted in an Order dated March 1, 2012, and plaintiff was given fifteen days to submit his allegations regarding the retaliation claim. Because plaintiff has failed to submit any additional information regarding this claim it will be deemed abandoned and therefore dismissed from this action.

1

## I. Background

Plaintiff was transferred from Pocahontas Correctional Center to Powhatan Correctional Center on March 9, 2011. Pl.'s Br. in Opp'n to Summ. J. at 1, ECF No. 25. Upon his arrival at Powhatan Correctional Center, plaintiff requested that he be placed on a common fare diet due to his religious affiliation with the House of Yahweh. Id. Plaintiff's request was denied. Id. at 2.

The Virginia Department of Corrections ("VDOC") provides an inmate grievance procedure for prisoner complaints, and inmates are oriented to the procedure when they are received into VDOC. Mem. in Supp. Sum. J. at 2, ECF No. 23; Carson Aff. Ex. A at ¶ 6, ECF No. 23-1. The inmate grievance procedure is governed by VDOC Operating Procedure ("OP") 866.1. Mem. in Supp. at 2; Carson Aff. Ex. A at ¶ 4. As is relevant here, 866.1 requires an inmate to demonstrate that he has made a good faith effort to resolve informally his complaint prior to submitting a regular grievance. Mem. in Supp. at 2; Carson Aff. Ex. A at ¶ 6. This may be accomplished by submitting an informal complaint form to the appropriate department head. Prison staff is required to respond to the inmate's informal complaint within fifteen calendar days to ensure that the informal responses are provided prior to expiration of the thirty day time period in which an inmate may file his regular grievance. Mem. in Supp. at 2; Carson Aff. Ex. A at ¶ 6.

After seeking informal resolution, an inmate may file a regular grievance with the warden or superintendent. If the grievance meets the intake requirements, the grievance will be accepted, logged, and a prison official will respond to the grievance. Depending on the issue grieved there may be up to two additional levels of appeals the prisoner must complete before fully exhausting his administrative remedies. Carson Aff. Ex. A at ¶ 7. A grievance can be rejected at the intake stage because, among other reasons, the "issue in the grievance is different

from the issue in the informal complaint." Defs.' Encl. A at 2, ECF No. 23-1. An inmate seeking review of an intake decision must mail the regular grievance and the intake decision within five days of receipt to the Regional Ombudsman for review. Id.; see also Mem. in Supp. Summ. J. at 3; Carson Aff. Ex. A at ¶ 10.

Following the denial of his request for a common fare diet, plaintiff attempted to avail himself of this grievance procedure on several occasions. First, plaintiff filed several offender request forms, which are not subject to OP 866.1, in which he requested to be placed on a common fare diet. See Pl.'s Exs. A, C, D, E, G, I, J, K, ECF No. 1. Plaintiff filed an informal complaint, which is governed by OP 866.1 on March 23, 2011. Pl.'s Ex. F., ECF No. 1-8 and 1-9. The informal complaint stated in relevant part:

> While I disclosed to Ms. Nicholas many documents showing my sincere religious belief and that common fare is a tenant [sic] thereof, she has facetiously failed to take any meaningful safeguards to protect my rights, particularly pursuant to the Religious Land Use Institutionalized Person[s] Act. Id.

Plaintiff received a response to his informal complaint on March 30, 2011, which read, "[y]our common fare was disapproved by Richmond. Ms. Nicholas has to view your paper work if you disclosed it to her." Id. Based on this response, plaintiff filed a regular grievance on April 4, 2011. Pl.'s Ex. H, ECF No. 1-11. The grievance was rejected at intake on April 6, 2011, because "the issue in the grievance [was] different from the issue in the informal complaint." Defs.' Encl. A at 2, ECFN No. 23.

Defendants argue that plaintiff failed to undertake any review of the intake decision, and submit an affidavit stating the same. See Carson Aff, ECF No. 23-1. However, plaintiff alleged in his initial complaint that he appealed the denial of his intake on April 10, 2011, but never received a response. Compl. at 11-12, ECF No. 1. Additionally, in support of his Brief in

3

Opposition for Summary Judgment plaintiff submits an affidavit attesting that he appealed his intake decision by mailing a copy of the grievance and intake to the Regional Ombudsman for review on April 10, 2011. Lee Aff. at ¶ 3, ECF No. 26. Plaintiff also submits an affidavit from a fellow inmate, Bryant Lee Brown, who states he witnessed plaintiff place his appeal of the intake decision in the institutional mailbox. Brown Aff. at ¶ 1, ECF No. 27. Plaintiff contends that he "has not received a response to date" and that defendants' argument that he failed to appeal the intake decision is "totally false." Lee Aff. at ¶¶ 3, 4. Plaintiff has not resubmitted a regular grievance regarding his request to be placed on a common fare diet.

## II. Standard of Review

In reviewing a motion for summary judgment, courts must view the facts in the light most favorable to the party opposing the motion. Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245 (4th Cir. 1997). Summary judgment is appropriate where "there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" issue of material fact is present "if the evidence is such that a reasonable jury could . . . return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When a motion for summary judgment is made and supported by affidavits, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988).

## II. Analysis

Under the PLRA, an inmate must exhaust any available administrative remedies as to his claim prior to pursuing a § 1983 action in federal court. This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, administrative exhaustion is mandatory, and courts lack jurisdiction to waive that requirement. Id. at 524; see also Anderson v. XYZ Corr. Health Servs. Inc., 407 F.3d 674, 677 (4th Cir. 2005). However, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of [the administrative remedy]." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Thus, courts must "ensure that any defects in the exhaustion process were not procured from the action or inaction of prison officials." Aquilar v. Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (cited in Moore, 517 F.3d at 725). When "prison officials prevent inmates from using the administrative process . . . the process that was available on paper becomes unavailable in reality." Hill v. O'Brien, 387 Fed. App'x 396, 400 (4th Cir. 2010) (quoting Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006)).

In this case, defendants argue plaintiff failed to exhaust his administrative remedies because he did not pursue a review of the April 6, 2011, intake decision, nor did he revise his regular grievance to match his informal complaint and then resubmit his claim. Defs.' Mem. in Supp. Summ J. at 3-5, ECF No. 23. To corroborate this evidence, defendants submitted an affidavit from Susan Carson, the Institutional Manager at Powhatan Correctional Center. Carson Aff., ECF No. 23-1. In response, plaintiff submitted an affidavit attesting that he appealed the April 6, 2011, intake decision by placing the grievance and the intake decision into an envelope addressed to the Regional Ombudsman and then placing the envelope in the institutional mailbox

5

on April 11, 2011. Lee Aff. at ¶ 3, ECF No. 26. Plaintiff also submits an affidavit from a fellow inmate attesting to the same. Brown Aff. at 1, ECF No. 27.

Based on this record, summary judgment for the defendants must be denied. Presently, the record before the Court consists solely of competing factual assertions and supporting affidavits regarding plaintiff's appeal of the April 6, 2011, intake decision. Plaintiff's primary argument is that he appealed the intake decision, but never received a response. Defendants' argument is that plaintiff failed to appeal or even attempt to appeal the April 6, 2011, decision. Construing the facts in a light most favorable to plaintiff, as is appropriate on defendants' motion for summary judgment, the Court finds that plaintiff has sufficiently shown a genuine issue of material fact as to whether he attempted to appeal the April 6, 2011, intake decision and as to whether the defendants' "action or inaction" may have caused a defect in the administrative exhaustion process. Accordingly, defendants' Motion for Summary Judgment will be denied without prejudice to defendants' ability to file a renewed Motion for Summary Judgment addressing the merits of plaintiff's claims and raising any additional arguments they consider appropriate including what additional steps, if any, plaintiff should have taken when he did not receive a response to his appeal of the April 6, 2011 intake decision.

### IV. Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment will be denied without prejudice. An appropriate order shall issue.

Entered this 22nd day of May 2012.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

6