IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Harold Lee,                              )
    Plaintiff,                        )
                                       )
v.                                       )        1:11cv727 (TSE/TCB)
                                       )
Ms. Nicholas, et al.,                    )
    Defendants.                       )

MEMORANDUM OPINION

Harold Lee, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. §

1983.  Plaintiff alleges the defendants violated his rights under the First and Fourteenth

Amendments as well as the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §

2000-cc et seq., because they denied him access to a common fare diet, a central tenet of

plaintiff's religion.  By Memorandum Opinion and Order dated May 22, 2012, defendants'

Motion for Summary Judgment was denied without prejudice to defendants' ability to submit a

renewed motion for summary judgment addressing certain issues relating to plaintiff's

exhaustion of administrative remedies.  Defendants filed a Renewed Motion for Summary

Judgment on June 21, 2012.[1]  Plaintiff was provided with notice and opportunity to file

responsive materials, as required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309

(4th Cir. 1975), but has not filed a response.

---

[1] In the Memorandum Supporting the Renewed Motion for Summary Judgment defendants
explain that the "evidence and arguments advanced in this Memorandum are in addition to, and
not in place of" the arguments advanced in the memorandum supporting the initial motion for
summary judgment. Mem. in Supp. Renewed Mot. Summ. J. at 1 n.1, ECF No. 43.  Therefore,
defendants "respectfully request that the Court consider the totality of the defendants'
pleadings." Id.  The Court will grant this request and will consider all of the evidence submitted
by defendants in the adjudication of the renewed motion for summary judgment.

Based on the record before the Court, summary judgment in favor of the defendants must be denied because the Court is not persuaded by the defendants' argument regarding plaintiff's failure to exhaust his administrative remedies. In fact, it appears that plaintiff may have been thwarted from pursuing fully the available administrative remedies due to the "action or inaction of prison officials." Aquilar v. Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (finding that an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of [the administrative remedy]"); accord Hill v. O'Brien, 387 Fed. App'x 396, 400 (4th Cir. 2010) ("[When] prison officials prevent inmates from using the administrative process . . . the process that was available on paper becomes unavailable in reality.). Specifically, it appears that the defendants' determination that the issue in plaintiff's grievance differed from the claim asserted in his informal complaint may not have been accurate. Therefore, defendants' renewed motion for summary judgment must be denied without prejudice to their ability to file a renewed motion for summary judgment addressing the merits of plaintiff's claim. An appropriate Order shall issue.

Entered this 16th day of ___August___ 2012.

T. S. Ellis, III
United States District Judge

Alexandria, Virginia